BAUDIN, (MORAN v.) See Case No. 9,785.

---

## Case No. 1,112.

BAUDUY et al. v. UNION INS. CO.

[2 Wash. C. C. 391.][1]

Circuit Court, D. Pennsylvania. Oct. Term, 1809.

MARINE INSURANCE —FRAUD—CONCEALMENT— TRADE WITH BELLIGERENT COUNTRY.

An insurance was made by R., a citizen of the United States, and a resident merchant of Philadelphia, on specie, from Cape Francois to Philadelphia, with a warranty of neutrality. Upon the happening of a loss, R. received from the defendants nineteen hundred and ninety-seven dollars, the amount of the specie shipped; but finding that of this sum, only eleven hundred and fifty-two dollars were his property, he returned the balance to the defendants, against whom afterwards the plaintiffs, resident merchants at Cape Francois, brought this suit for the money so returned by R. The plaintiffs being persons established, and carrying on trade in a belligerent country, cannot recover against the defendants, even if the insurance had been made for their account, as there was no disclosure of their belligerent character, at the time of the insurance, which was so obviously material, as to avoid the policy.

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

[At law. Action by Peter Bauduy & Co. against the Union Insurance Company. Verdict for defendants.]

Mr. Ralston of Philadelphia, having consigned to the house of Peter Bauduy & Co., established at Cape Francois, two cargoes, on account of which he had received some remittances, but without account of sales, received a letter from a Mr. Hogan of the Cape, informing him that he had shipped, on his account, three thousand dollars in specie, in a certain vessel, for his government in making insurance. Ralston, not knowing on what account this shipment was made, and suspecting that the intention was to cover property in his name, determined not to insure it. But soon after, meeting with Peter Bauduy, one of the partners, residing in the state of Delaware, the said Bauduy informed him that Hogan was an agent for the house of Peter Bauduy & Co.; and he presumed that the three thousand dollars were the proceeds of the cargoes, which he, Ralston, had consigned to that house. Upon this, Ralston insured this money with the defendants, in his own name, and in the name of all persons concerned, (as usual,) with a warranty that the property was neutral. Only nineteen hundred and ninety-seven dollars were put on board, and the vessel was captured, and the cargo condemned at Jamaica. On notice of the loss, Ralston applied to the defendants for payment, and received from them the sum shipped and the policy was cancelled. Some time afterwards, Ralston was put into possession of the books of Peter Bauduy & Co., and then found, from the account of sales of his cargoes, that only eleven hundred and fifty-two dollars of this money belonged to him; upon which he repaid to the defendants, the balance of what he had received from them. This suit was brought to recover the sum so repaid, upon the ground that it was the property of the plaintiffs, and was covered by the policy. It was admitted, that the plaintiffs were all American citizens.

WASHINGTON, Circuit Justice, charged the jury. There are three questions in this cause, neither of which is involved in any difficulty. First; did the plaintiffs authorize Mr. Ralston to insure their part of the money shipped? secondly; did he insure it? and, thirdly; if he had insured it, can the plaintiffs recover in this action. The two first depend upon the facts proved in the cause, and nothing can be more clear, than that Mr. Ralston was not requested to insure any part of this money, as the property of the plaintiffs; and that he did insure it, believing it to be his own. He has stated, that whilst he supposed his name was intended to be used to cover the property of others, he declined insuring at all, and was only induced to do so, from the representation of one of the partners, that the money was his own. But if he had insured it as the property of the plaintiffs, still they could not recover in this action, inasmuch as the non-disclosure to the defendants, that it belonged to persons established and carrying on trade in a belligerent country, was so obviously material to the risk, as to avoid the policy.

Verdict for the defendants.